Squire Patton Boggs (US) LLP
Joseph A. Meckes (State Bar # 190279)
joseph.meckes@squirepb.com
Rafael M. Langer-Osuna (State Bar # 300948)
rafael.langerosuna@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
THE OAKLAND COMMUNITY POOLS PROJECT,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH F. BELL, PH.D., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>THE OAKLAND COMMUNITY POOLS PROJECT, INC.; and Does 1 to 25, <br><br>　　　　　Defendants. | Case No. 4:19-cv-01308-JST <br><br>**STATEMENT OF QUALIFIED NON-OPPOSITION TO MOTIONS TO WITHDRAW [D.I. 36, 37]** <br><br>Judge:  Hon. Jon S. Tigar <br><br>Date:      February 5, 2020 <br>Time:     2:00 pm <br>Dept:      Courtroom 6 |

**STATEMENT OF QUALIFIED NON-OPPOSITION TO MOTIONS TO WITHDRAW**

　　　　The Oakland Community Pools Project, Inc. ("OCPP") does not object to either motion to withdraw provided (1) there is no delay in the schedule of this case as a result and (2) new counsel assume responsibility for statements made in the pleadings.

　　　　Joshua G. Jones and David J. Miclean signed and filed, on behalf of Plaintiff, the complaint against OCPP.  Now these two attorneys seek to withdraw. D.I. 36, 37.[1]  Since November, there has been ambiguity as to who was representing Plaintiff in this matter.  After the Court ordered Plaintiff to appear for a deposition, new counsel, Mr. Urbanczyk, informed OCPP

---

[1] C. Ashley Callahan, whose name also appears on the complaint "*pro hac vice* pending" but has never sought admission *pro hac vice*, has not moved to withdraw.

that he would be transitioning into this case, as Messrs. Jones and Miclean would be withdrawing. To allow Plaintiff's deposition to proceed, Mr. Urbanczyk appeared in California to defend the deposition on November 21, 2019 before obtaining local counsel or *pro hac vice* admission.

At deposition, Plaintiff testified that he had no support for a key allegation of his complaint and confirmed that he had, at a minimum, turned a blind eye to this absence of any supporting evidence. On December 23, 2019, OCPP served a Rule 11 Motion based on Plaintiff's testimony.[2] Within a week, Messrs. Jones and Miclean moved to withdraw.

Withdrawal may be inappropriate if it causes prejudice to other litigants, harms the administration of justice, or delays resolution of the case. *See Milliner v. Bock Evans Fin. Counsel, Ltd.*, Case No. 15-cv-01763-TEH, 2 (N.D. Cal. Feb. 3, 2016).

Accordingly, OCPP does not oppose Messrs. Jones and Miclean withdrawing provided there is no resulting delay and new counsel assume responsibility for the allegations in the complaint under Rule 11. OCPP respectfully requests that any order permitting counsel to withdraw include these conditions.

Dated:   January 10, 2020				Squire Patton Boggs (US) LLP


By: */s/ Rafael M. Langer-Osuna*
       Rafael M. Langer-Osuna
Attorneys for Defendant
The Oakland Community Pools Project, Inc.

---

[2] OCCP has served but not filed the Rule 11 motion.