Squire Patton Boggs (US) LLP
Joseph A. Meckes (State Bar # 190279)
joseph.meckes@squirepb.com
Rafael M. Langer-Osuna (State Bar # 300948)
rafael.langerosuna@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:     +1 415 393 9887

Attorneys for Defendant
THE OAKLAND COMMUNITY POOLS PROJECT,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith F. Bell, Ph.D.,<br><br>                 Plaintiff,<br><br>        v.<br><br>THE OAKLAND COMMUNITY POOLS<br>PROJECT, INC.; and Does 1 to 25,<br><br>                 Defendants. | Case No. 4:19-cv-01308-JST<br><br>**DEFENDANT THE OAKLAND<br>COMMUNITY POOLS PROJECT,<br>INC.'S NOTICE OF CROSS-MOTION<br>AND CROSS-MOTION FOR<br>SUMMARY JUDGMENT AND<br>OPPOSITION TO PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT; MEMORANDUM OF<br>POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Jon S. Tigar<br><br>Date:        April 1, 2020<br>Time:        2:00 p.m.<br>Room:       6 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 1, 2020 at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Jon S. Tigar in Courtroom 6 of the above-entitled Court, located at 1301 Clay Street, Oakland, California, Defendant The Oakland Community Pools Project, Inc. ("OCPP") will and hereby does move for summary judgment on all claims for relief asserted by Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure.

OCPP is entitled to summary judgment under Federal Rule of Civil Procedure 56 because Plaintiff's claim for copyright infringement is barred by the statute of limitations and because Plaintiff cannot prove the elements of his trademark infringement claim.  Thus, OCPP is entitled to judgment as a matter of law.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, any reply documents to be submitted in support of this Motion, the pleadings on file herein, and upon such other and further oral and/or documentary evidence as may be presented at the time of the hearing on this Motion.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** ........................................................................................................... 1

**FACTUAL BACKGROUND** ....................................................................................... 1

**ARGUMENT** .................................................................................................................. 2

    I.      SUMMARY JUDGMENT STANDARD .............................................. 2

    II.    OCPP IS ENTITLED TO SUMMARY JUDGMENT ON BOTH CLAIMS ............................................................................................. 3

        A.    The Statute Of Limitations Bars Plaintiff's Copyright Infringement Claim ............................................................... 3

        B.    Plaintiff Has Not And Cannot Produce Any Evidence For His Trademark Infringement Claim ......................................... 5

            a.    Plaintiff Points To No Evidence Of Likelihood Of Confusion .............................................................. 6

            b.    Nor Can Plaintiff Demonstrate A Likelihood Of Confusion Under The Nominative Fair Use Test ......... 7

                1.    The Product Was Not Identifiable Without Use Of The Mark ............................................... 8

                2.    OCPP Did Not Use More Of The Mark Than Necessary ................................................................ 8

                3.    OCPP Did Not Falsely Suggest It Was Sponsored By Plaintiff .............................................. 8

    III.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ..................................................................................... 9

        A.    Plaintiff Presents No Evidence Of Willfulness And No Basis For Summarily Adjudicating Innocent Infringement ................ 9

        B.    There Is At Least A Genuine Issue Of Material Fact As To Fair Use .............................................................................. 12

            a.    The Post Was Used For Nonprofit Educational Purposes ...... 12

            b.    Plaintiff's Published Book Is Not Clearly Creative Or Informational .................................................... 13

            c.    Plaintiff Has Not Shown The Substantiality Of The Portion Used ........................................................... 15

            d.    Plaintiff Cannot Show Market Harm ...................................... 15

        C.    Plaintiff Is Not Entitled To Summary Judgment On Laches Or Estoppel ............................................................................ 16

        D.    Plaintiff Is Not Entitled To Statutory Damages Or Attorneys' Fees ..................................................................... 17

**EVIDENTIARY OBJECTIONS** ............................................................................. 17

**CONCLUSION** ........................................................................................................... 18

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

# TABLE OF AUTHORITIES

**Page**

CASES

*Adobe Sys. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015) ................................................... 6

*Alfa Laval, Inc. v. Flowtrend, Inc.*, No. H-14-2597, 2016 U.S. Dist. LEXIS 60742
(S.D. Tex. May 9, 2016) ...................................................................................................... 4, 5

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) ........................................................ 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 3

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019) ................................. 8

*Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356 (S.D.N.Y. 2003) .............. 9

*Bell v. Chicago Baseball Club, LLC*, No. 1:19-cv-02386, ECF No. 29
(N.D. Ill. February 4, 2020) ................................................................................................ 11

*Bell v. Moawad Grp. LLC*, 326 F. Supp. 3d 918 (D. Ariz. 2018) .............................. 11, 12, 13, 14

*Bell v. Pacific Ridge Builders, Inc., et al.*, No. 4:19-CV-01307-JST, ECF No. 31
(N.D. Cal. June 4, 2019) ........................................................................................ 7, 11, 13, 14

*Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528 (9th Cir. 1985) ............................................. 11

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ......................................................... 15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................................... 2, 9

*Chelko v. Does JF Rest., LLC*, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590
(W.D.N.C. July 22, 2019) ...................................................................................................... 5

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008) ................................. 17

*Dr. Suess Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073 (S.D. Cal. 2017) ...................... 8

*Erickson Prods. v. Kast*, 921 F.3d 822 (9th Cir. 2019) .............................................................. 10

*Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221 (9th Cir. 2012) .......................... 10

*F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127 (9th Cir. 2010) .......................................... 11

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) ................................................. 10

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936 (9th Cir. 2011) ............... 11

*Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 811 (9th Cir. 2003) ......................................... 8

*Miranda v. City of Cornelius*, 429 F.3d 858, 860 n. 1 (9th Cir. 2005) ......................................... 2

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

**TABLE OF AUTHORITIES**
(continued)

Page

*Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930 (9th Cir. 2015) .................................. 6

*Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858 (9th Cir. 1996)........................................................ 6

*Nakada Assocs. v. City of El Monte*, No. 16-1467-GW, 2017 U.S. Dist. LEXIS 91755
  (C.D. Cal. June 2, 2017)............................................................................................................... 5

*Nestle USA, Inc. v. Gunther Grant, Inc.*, No. CV-13-6754-MMM,
  2014 U.S. Dist. LEXIS 198812 (C.D. Cal. May 13, 2014)........................................................ 11

*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302 (9th Cir. 1992) ....................... 7, 8

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000)................................. 3

*Petrella v. MGM*, 572 U.S. 663 (2014).......................................................................................... 4

*Playboy Enters. v. Welles*, 279 F.3d 796 (9th Cir. 2002)................................................................ 7

*Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) ................................................. 3

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 11713 (9th Cir. 2010) ............................... 7

*Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192 (9th Cir. 2017) .......... 6

*Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017)...................................... 10

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) ...................................................... 10

*Wolf v. Travolta*, 167 F. Supp. 3d 1077 (C.D. Cal. 2016) ............................................................ 4

*Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110
  (9th Cir. 2000)...................................................................................................................... 13, 15

**STATUTES**

15 U.S.C. § 1114 ............................................................................................................................. 5

17 U.S.C. § 107 ....................................................................................................................... 12, 13

17 U.S.C. § 412 ............................................................................................................................. 17

17 U.S.C. § 504 ............................................................................................................................... 9

17 U.S.C. § 505 ............................................................................................................................. 17

17 U.S.C. § 507 ............................................................................................................................... 3

**RULES**

Fed. R. Civ. P. 1 .............................................................................................................................. 2

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- iii -

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

**TABLE OF AUTHORITIES**
(continued)

**Page**

Fed. R. Civ. P. 56 ..................................................................................................... 2, 17

Fed. R. Evid. 801 ......................................................................................................... 18

**TREATISES**

4 J. Thomas McCarthy, <u>Trademarks and Unfair Competition</u> § 23.11 (5th ed. 2017) .................... 8

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Keith F. Bell, Ph.D. ("Plaintiff") sued the Oakland Community Pools Project, Inc. ("OCPP") alleging copyright and trademark infringement.  *See* Compl. (ECF 1).  As demonstrated below, the Court should grant OCPP summary judgment under Rule 56 because Plaintiff's claim for copyright infringement is time-barred and there is no genuine issue of material fact supporting Plaintiff's claim for trademark infringement.

### FACTUAL BACKGROUND

In 1982, Plaintiff claims to have authored and published a book called *Winning Isn't Normal* (the "Book").  Compl. ¶ 13 (ECF 1).  Plaintiff claims trademark rights in the mark "WINNING ISN'T NORMAL."  Compl. ¶ 21 (ECF 1).  As discussed in more depth below, Plaintiff claims that OCPP copied about 24 **lines** of his 72 **page** book—a section he refers to as the "WIN Passage."  Plaintiff claims to have registered his copyright in the Book on September 21, 1989.  [Ex. 2, Declaration of Adam Urbanczyk in support of Pl. Motion ("AU Decl.")].  Plaintiff claims to have separately registered his copyright in the "WIN Passage" on November 6, 2017—about twenty-one months after he discovered the alleged infringement at issue here.  *See* and *compare* Compl. ¶ 25 (ECF 1) *with* [Ex. 3, AU Decl.].

OCPP is a nonprofit corporation with a mission to encourage swimming participation for local youth who would not otherwise be able to afford to learn how to swim.  [Declaration of Rolandas Gimbutis ("Gimbutis Decl.") ¶ 2].  OCPP maintains a social media account on Twitter for the Oakland Undercurrent, a swim team organized by OCPP.  [Gimbutis Decl. ¶ 4].  OCPP uses its Twitter feed to keep swim team members and their families informed about various events.  [Gimbutis Decl. ¶ 4].  OCPP provides its members opportunities to participate in swim events, swim lessons and other swim related services at its Oakland location.  [Gimbutis Decl. ¶ 3].

Rolandas Gimbutis is head coach for the Oakland Undercurrent swim team.  [Gimbutis Decl. ¶ 1].  At some time before December 23, 2015, Mr. Gimbutis noticed an image of a piece of

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

25

crumpled paper printed with lines similar to, but different from, the so-called "WIN Passage."[1] [Gimbutis Decl. ¶ 5]; Bell Tr. at 97:13–99:7, [Declaration of Rafael Langer-Osuna ("RLO Decl.") ¶ 2].  Mr. Gimbutis posted this image to OCPP's Twitter account sometime around December 23, 2015.  [Gimbutis Decl. ¶ 5].  The image did not suggest that Plaintiff was the author or that the language was copyrighted.  [Gimbutis Decl. ¶ 5].  Mr. Gimbutis believed it was okay to post the image—especially since he was doing it to inspire the kids on the swim team.  [Gimbutis Decl. ¶ 5].  The post received no likes, no comments, and no re-tweets.  [Gimbutis Decl. ¶ 5].

Mr. Gimbutis then forgot about this Twitter post—until he received a cease and desist letter from Plaintiff's counsel on May 3, 2017, demanding thousands of dollars to settle. [Gimbutis Decl. ¶ 6].  Mr. Gimbutis promptly removed the post.  [Gimbutis Decl. ¶ 6].  Before receiving Plaintiff's letter, Mr. Gimbutis was not aware of Plaintiff, the Book or any business called "Winning Isn't Normal."  [Gimbutis Decl. ¶ 6].

It is undisputed that Plaintiff discovered OCPP's allegedly infringing Twitter post in January of 2016.  *See* Response to Interrogatory No. 2, [RLO Decl. ¶ 3].  Plaintiff, however, filed this action on March 11, 2019—over three years after he admits discovery of the Twitter post.

**ARGUMENT**

**I.    SUMMARY JUDGMENT STANDARD.**

Summary judgment must be granted if there is no genuine issue of material fact as to any essential element of a cause of action.  Fed. R. Civ. P. 56(a); *see also Miranda v. City of Cornelius*, 429 F.3d 858, 860 n. 1 (9th Cir. 2005).  Summary judgment is intended to dispose of unsupported claims, and Rule 56 "should be interpreted in a way that allows it to accomplish this purpose."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  *Id.* at 327 (quoting Fed. R. Civ. P. 1).  In order to survive summary judgment by creating a "genuine issue," plaintiff must proffer competent

---

[1] Although the image posted on Twitter differs from the "WIN Passage," they are treated synonymously here.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

evidence that is substantial enough to allow a reasonable jury to find in plaintiff's favor on every essential element of plaintiff's claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–52 (1986).

The Court must grant summary judgment where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c). OCPP may prevail on summary judgment by either "produc[ing] evidence negating an essential element of [Plaintiff's] case" or by "show[ing] that [Plaintiff] does not have enough evidence of an essential element." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

The Court should grant summary judgment in favor of OCPP because the statute of limitations bars Plaintiff's copyright infringement claim and because Plaintiff has failed to establish a claim for trademark infringement.

## II.    OCPP IS ENTITLED TO SUMMARY JUDGMENT ON BOTH CLAIMS.

### A.    The Statute Of Limitations Bars Plaintiff's Copyright Infringement Claim.

A claim for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues "when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge.'" *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (citation omitted).

Around December 23, 2015, Mr. Gimbutis posted the "WIN Passage" to the OCPP Twitter account. [Gimbutis Decl. ¶ 5]. Mr. Gimbutis did nothing further with the post after that date and, in fact, forgot about the post until he received Plaintiff's letter on May 3, 2017. [Gimbutis Decl. ¶ 6].[2] Plaintiff offers no evidence to the contrary.

Plaintiff discovered the allegedly infringing Twitter post in January 2016. Bell Tr. at 29:12–30:23, [RLO Decl. ¶ 2]; *see also* Response to Interrogatory No. 2, [RLO Decl. ¶ 3]. Thus,

---

[2] Although Plaintiff claims to have sent a letter dated April 4, 2017, Mr. Gimbutis never heard of Dr. Bell until May 3, 2017 when he received the letter dated April 25, 2017. [Gimbutis Decl. ¶ 6].

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

1    Plaintiff's claim for copyright infringement would only have been timely had Plaintiff filed by the

2    three-year anniversary of his discovery in January 2019.  Plaintiff, however, did not file the

3    Complaint until March 11, 2019, long after the limitations period had expired.  Because

4    Plaintiff's claim for copyright infringement is time barred, the Court should grant OCPP

5    summary judgment on this claim.

6        In his own Motion for Summary Judgment, Plaintiff argues that his claim is timely

7    because OCPP did not remove the allegedly infringing post from its Twitter feed until May 2017.

8    Pl. Motion at 6.  Plaintiff argues that passively allowing the post to remain on Twitter constitutes

9    some kind of on-going infringement.  Courts have uniformly rejected such reasoning.

10       "A claim ordinarily accrues 'when [a] plaintiff has a complete and present cause of

11   action.'"  *Petrella v. MGM*, 572 U.S. 663, 670 (2014) (citation omitted).  An exception occurs

12   when there are "successive violations," that is when "the infringer commits a new wrong."  *Id*. at

13   671.  In that instance, a new statute of limitations begins to run "separately from each violation."

14   *Id*.  Here, Plaintiff points to a single violation:  Mr. Gimbutis posting the so-called "WIN

15   Passage" in December of 2015—which Plaintiff discovered a few weeks later.

16       Courts following *Petrella* have found that plaintiffs may not sue for an ongoing harm

17   resulting from a previously discovered violation.  In *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099

18   n. 13 (C.D. Cal. 2016), for example, the court held that the statute of limitations had expired even

19   where the defendant had left the allegedly infringing content on its own website:  The *Wolf* court

20   held that even though the allegedly infringing document remained on defendant's *own* website

21   until shortly before filing, the statute of limitations barred the claim because Plaintiff had

22   discovered it more than three years before.

23       Applying *Petrella*, the court in *Alfa Laval, Inc. v. Flowtrend, Inc.*, No. H-14-2597, 2016

24   U.S. Dist. LEXIS 60742 (S.D. Tex. May 9, 2016) granted summary judgment where plaintiff had

25   discovered on defendant's own website allegedly infringing brochures more than three years

26   before filing suit but defendant had left the material on the website long after.  *Alfa Laval*, 2016

27   U.S. Dist. LEXIS 60742 at *16–17.  The court went so far as to disregard, as legally irrelevant,

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 4 -

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

evidence that others may have downloaded the materials within the limitations period.  *Id.*  The court reasoned that defendant's single posting of the brochures was analogous to a printer's single run of copyrighted materials: subsequent sales by another party—the wrongful acts of another—were not attributable to the printer, and so subsequent damages from downloads would not be attributable to the defendant.  *Id.*

Finally, the court in *Chelko v. Does JF Rest., LLC*, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590 (W.D.N.C. July 22, 2019) held, under similar facts, that "Plaintiff must point to a *new* reproduction or distribution of an infringing work" in order to meet *Petrella*'s successive violations exception to the discovery rule.  *Chelko*, 2019 U.S. Dist. LEXIS 121590 at *10; *accord Nakada Assocs. v. City of El Monte*, No. 16-1467-GW, 2017 U.S. Dist. LEXIS 91755, at *9 (C.D. Cal. June 2, 2017).  The *Chelko* court reasoned, "[i]f every access of a copyrighted work on a website establishes a new claim for infringement, as Plaintiff contends, the statute of limitations becomes obsolete for the internet."  *Chelko*, 2019 U.S. Dist. LEXIS 121590 at *12–13.  This application of the statute of limitations was necessary "to render uniform and certain the time within which copyright claims could be pursued."  *Id.* at *13.

Here, Plaintiff discovered the alleged infringement more than three years before bringing suit.  Because there is no evidence of further infringement, Plaintiff's copyright claim is time barred, and judgment should be entered for OCPP.

**B.**     **Plaintiff Has Not And Cannot Produce Any Evidence For His Trademark Infringement Claim.**

Plaintiff alleges that OCPP is liable for trademark infringement under the Lanham Act. Section 32 of the Lanham Act provides in pertinent part:

> Any person who shall, without the consent of the registrant—(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1).

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8924-1360/7/AMERICAS

**a.**     **Plaintiff Points To No Evidence Of Likelihood Of Confusion.**

"In general, claims of trademark infringement under the Lanham Act are governed by a likelihood-of-confusion test." *Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017).  The plaintiff has the burden of proving that a defendant's use of its trademark is likely to cause confusion, to cause mistake or to deceive.  *See Adobe Sys. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015).  This is satisfied where "a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 (9th Cir. 2015) (internal quotation omitted).  The likelihood of confusion must "be probable, not simply a possibility." *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996).

The courts generally weigh eight factors to determine the likelihood of confusion:

1. strength of the mark;
2. proximity of the goods;
3. similarity of the marks;
4. evidence of actual confusion;
5. marketing channels used;
6. type of goods and the degree of care likely to be exercised by the purchaser;
7. Defendant's intent in selecting the mark; and
8. likelihood of expansion of the product lines.

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979).

Plaintiff does not offer a single piece of evidence to support a likelihood of confusion analysis under *Sleekcraft*—let alone evidence sufficient to prevail on summary judgment. Plaintiff points to no evidence showing that his mark is strong, no evidence that he offers goods or services similar to OCPP, no evidence of actual confusion, no evidence of marketing channels, no evidence of the degree of care exercised by purchasers, no evidence of intent, no evidence that he or OCPP is likely to expand his product lines, and no evidence that OCPP has a product line. And, as noted above, there is no evidence that OCPP ever used Plaintiff's mark in *any sense at all*—other than reproducing the words "Winning Isn't Normal" in a single post on Twitter in a manner entirely divorced from any goods or services.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

The idea that there could be confusion begs credulity.  Plaintiff claims to be "an internationally recognized sports psychology and performance consultant" based in Texas who authors and publishes books "relating to sports psychology and sports performance."  Compl. ¶¶ 9, 12 (ECF 1).  OCPP, on the other hand, is a nonprofit corporation in Oakland with a mission to encourage swimming participation for local youth who would not otherwise be able to afford to learn how to swim.  [Gimbutis Decl. ¶ 2].  The idea that the Court can simply conclude that because both are involved in "swimming" there *must* be confusion has no support in fact or law. The complete absence of evidence supporting likelihood of confusion under the *Sleekcraft* factors dooms Plaintiff's motion and trademark claim alike.

> **b.     Nor Can Plaintiff Demonstrate A Likelihood Of Confusion Under The Nominative Fair Use Test.**

Plaintiff's claim also fails under the alternative nominative fair use defense, which holds:

> [A] commercial user is entitled to a nominative fair use defense provided he meets the following three requirements: First, the product or services in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992).  If a defendant has "show[n] that it used the mark to refer to the trademarked good," a nominative fair use analysis is triggered, and the **plaintiff** has the burden of proof for those three elements. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010).  This three-factor test "better evaluates the likelihood of confusion in nominative use cases." *Playboy Enters. v. Welles*, 279 F.3d 796, 801 (9th Cir. 2002).  Here the use of the phrase "Winning Isn't Normal" was used to refer to what came after it, i.e., the so-called "WIN Passage."  Because there is no evidence that OCPP did anything other than refer to Plaintiff's own writings, the nominative fair use doctrine applies and Plaintiff's claim is defeated. *See Bell v. Pacific Ridge Builders, Inc., et al.*, No. 4:19-CV-01307-JST, ECF No. 31 (N.D. Cal. June 4, 2019).

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

### 1. The Product Was Not Identifiable Without Use Of The Mark.

Similar to *New Kids*, where the court found that the first nominative use requirement was met because "it is no more reasonably possible . . . to refer to the New Kids as an entity than it is to refer to the Chicago Bulls, Volkswagens or the Boston Marathon without using the trademark," *New Kids*, 971 F.2d at 308, it is not reasonably possible to refer to the "WIN Passage" without using Plaintiff's mark. Plaintiff's mark, "Winning Isn't Normal," is the title, first sentence, and concluding line of the "WIN Passage" and is the title of one of Plaintiff's books. OCPP would not be able to describe the "WIN Passage" without that phrase for the purpose of sharing an inspirational quote.

### 2. OCPP Did Not Use More Of The Mark Than Necessary.

Courts have examined whether more of the mark was used than "necessary in terms of font and stylization." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 895 (9th Cir. 2019). *See New Kids*, 971 F.2d at 303, 308 n. 7 (noting that "a soft drink competitor would be entitled to compare its product to Coca-Cola or Coke, but would not be entitled to use Coca-Cola's distinctive lettering"). Plaintiff's mark does not have a particular font, style, size or color and consists of standard characters. Exhibit C to Compl. (ECF 1). Therefore, the alleged use of the entire mark consisting of only the words themselves was necessary.

### 3. OCPP Did Not Falsely Suggest It Was Sponsored By Plaintiff.

The third factor requires that defendant do "nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids*, 971 F.2d at 308. This factor assesses whether "defendant has engaged in some additional conduct that affirmatively suggests sponsorship or endorsement by the plaintiff." *Dr. Suess Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1091 (S.D. Cal. 2017) (quoting 4 J. Thomas McCarthy, Trademarks and Unfair Competition § 23.11 (5th ed. 2017)). Defendant need not "make an affirmative statement that their product is not sponsored by the plaintiff." *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 811 (9th Cir. 2003).

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

Plaintiff can point to no evidence that OCPP "engaged in some additional conduct" suggesting sponsorship or endorsement by Plaintiff.  Mr. Gimbutis found an image of the so-called "WIN Passage," posted it and forgot about it.  [Gimbutis Decl. ¶¶ 5–6].  Because OCPP took no further actions, the nominative fair use test applies and OCPP should be granted judgment.

## III.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

The moving party bears the initial responsibility of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  *Id.* at 324.

Because OCPP is entitled to judgment in its favor on each of Plaintiff's claims for the reasons set forth above, Plaintiff is plainly not entitled to summary judgment in his favor. Nonetheless, there are numerous sub-issues upon which Plaintiff seeks judgment for which there are triable issues—even if Plaintiff's claims were not deficient in their entirety.  Specifically, Plaintiff is not entitled to summary judgment as to OCPP's degree of culpability or OCPP's fair use, estoppel and laches defenses.  Finally, as Plaintiff has failed to carry his burden, Plaintiff is clearly not entitled to statutory damages or attorneys' fees.

### A.    Plaintiff Presents No Evidence Of Willfulness And No Basis For Summarily Adjudicating Innocent Infringement.

Plaintiff contends that OCPP's infringement was willful and subject to enhanced damages under 17 U.S.C. § 504(c)(2).  Plaintiff, however, ignores binding Ninth Circuit precedent, choosing instead to rely on outdated or out-of-circuit authorities that are irrelevant to this case. For example, Plaintiff cites to *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361–62 (S.D.N.Y. 2003) to argue that constructive knowledge shows willfulness.  *See* Pl. Motion at 7–8.  The Ninth Circuit clarified in *Erickson Prods. v. Kast*, 921 F.3d 822 (9th Cir.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

2019), that *Arclightz **does not state the law of the Ninth Circuit!** Erickson*, 921 F.3d at 834 n.10

("This oblique citation does not state the law of this circuit.  It is dicta.").

In *Erickson*, the Ninth Circuit issued a definitive opinion on willfulness in copyright

cases, holding that to prove willfulness, "the plaintiff must show (1) that the defendant was

actually aware of the infringing activity, or (2) that the defendant's actions were the result of

reckless disregard for, or willful blindness to, the copyright holder's rights." *Id.* at 833 (quoting

*Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017)).  "[A] willfully blind

defendant is one who takes *deliberate actions* to avoid confirming a high probability of

wrongdoing and who can almost be said to have *actually known* the crucial facts," whereas, "a

reckless defendant is one who merely *knows* of a substantial and unjustified risk of such

wrongdoing." *Erickson*, 921 F.3d at 833 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563

U.S. 754, 769–70 (2011)) (emphasis added).  "Merely negligent conduct," however, does not

amount to willfulness. *Erickson*, 921 F.3d at 834 (constructive knowledge does not prove

willfulness in the Ninth Circuit).

Plaintiff insists that OCPP's conduct was willful because it was made aware of the alleged

copyright infringement by correspondence dated April 4, 2017 but did not remove the content

until May 2017.  As a threshold issue, "continued use of a work even after one has been notified

of his or her alleged infringement does not constitute willfulness," however, "so long as one

believes reasonably, and in good faith, that he or she is not infringing." *VHT, Inc. v. Zillow Grp.,*

*Inc.*, 918 F.3d 723, 748 (9th Cir. 2019) (citing *Evergreen Safety Council v. RSA Network Inc.*, 697

F.3d 1221, 1228 (9th Cir. 2012)).

More importantly, Plaintiff presents no evidence showing OCPP actually received

Plaintiff's April 4, 2017 letter.  In fact, as Plaintiff's own evidence confirms, OCPP did not

receive correspondence from Plaintiff until May 3, 2017—at which time OCPP promptly

removed the purportedly infringing material from its Twitter feed.  [Gimbutis Decl. ¶ 6]; [Ex. 19,

AU Decl.].  Therefore, Plaintiff's contention that OCPP was "*actually* aware of [its] infringing

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

010-8924-1360/7/AMERICAS

activity for a month before acting to remove the Post" has no merit.[3]  Pl. Motion at 8 (emphasis in original).

Plaintiff seems to argue that Mr. Gimbutis, an Olympic swimmer for his home country of Lithuania and now swim coach for the Oakland Undercurrent, must have acted willfully because there were legal articles available about copyright infringement written in 2000 and 2013.  *See* Pl. Motion at 8.  Plaintiff, however, points to no evidence that Mr. Gimbutis ever saw these articles or had any knowledge or training in United States copyright law.  The undisputed evidence shows that Mr. Gimbutis found the image, posted it on Twitter and forgot about it.  There is no evidence that Mr. Gimbutis believed he was doing anything wrong.[4]

At any rate, "[q]uestions involving a person's state of mind . . . are generally factual issues inappropriate for resolution by summary judgment."  *F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1139 (9th Cir. 2010) (quoting *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985)).  Accordingly, because there is no evidence that OCPP's actions were the result of reckless disregard or willful blindness, the Court must deny Plaintiff's motion for summary judgment on willfulness.

For the same reasons, Plaintiff's motion for summary judgment as to innocent infringement should also be denied.  *See Bell v. Moawad Grp. LLC*, 326 F. Supp. 3d 918, 933 (D. Ariz. 2018) (denying summary judgment on this issue because of genuine issues of material fact regarding defendant's intent); *see also Pacific Ridge Builders*, No. 4:19-CV-01307-JST, ECF No. 31 (N.D. Cal. June 4, 2019).

---

[3] In any event, Plaintiff relies entirely on inapposite cases where defendant continued selling trademarked goods after notification that the goods were infringing.  *See Nestle USA, Inc. v. Gunther Grant, Inc.*, No. CV-13-6754-MMM, 2014 U.S. Dist. LEXIS 198812 (C.D. Cal. May 13, 2014); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936 (9th Cir. 2011).  Plaintiff points to no similar conduct here.

[4] Moreover, at least one court has suggested that there is nothing on the face of the "WIN Passage" itself to indicate that it is copyrighted material.  *Bell v. Chicago Baseball Club, LLC*, No. 1:19-cv-02386, ECF No. 29 (N.D. Ill. February 4, 2020).

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

010-8924-1360/7/AMERICAS

**B.**     **There Is At Least A Genuine Issue Of Material Fact As To Fair Use.**

Even if Plaintiff's copyright claim were not time barred, there is a triable issue of fact as to whether OCPP's Twitter post was fair use.  The fair use doctrine "involves mixed questions of law and fact."  *Moawad*, 326 F. Supp. 3d at 926.  In *Moawad*, 326 F. Supp. 3d at 925 (another case brought by Plaintiff on his "WIN Passage"), this same Plaintiff argued fair use could not be decided on a motion for summary judgment since it requires a fact-intensive analysis.  The court agreed, holding that whether there was a commercial purpose for the use was a factual question that precluded summary judgment.  *Id.* at 929.

The Copyright Act provides that use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."  17 U.S.C. § 107.  The following factors are to be considered when evaluating this fair use defense:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*  Each of these elements weighs in favor of fair use here.

**a.**     **The Post Was Used For Nonprofit Educational Purposes.**

To determine fair use, courts assess, among other things, "whether the use was for a commercial or nonprofit purpose."  *Id.*  As noted above, Plaintiff himself argued in another case that the question of whether a use was for commercial or nonprofit purposes was a question of fact.  *See Moawad*, 326 F. Supp. 3d at 926 (citing 17 U.S.C. § 107).

Here, rather than using the post for commercial purposes, Mr. Gimbutis sought solely by posting the "WIN Passage" to educate and motivate members of the swim team.  [Gimbutis Decl. ¶ 5].  This is no different than a teacher making handouts for use in a school classroom.  Such action is protected directly by the text of the Copyright Act itself: "the fair use of a copyrighted

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

1  work . . . including multiple copies for classroom use . . . is not an infringement of copyright."  17

2  U.S.C. § 107.

3       Plaintiff provides no evidence that OCPP used the post at issue here for commercial

4  purposes.  Instead, Plaintiff argues without evidence that OCPP "stands to profit from the

5  exploitation of the copyrighted material."  Pl. Motion at 14.  To support this argument, Plaintiff

6  falsely contends that OCPP offers merchandise for sale through an online storefront.  *Id.*  This

7  "storefront," however, is nothing but a link to a third party site that sells gear.  Even if this were

8  relevant, this contradicts Plaintiff's discovery responses that state OCPP profited only by "posting

9  Plaintiff's work without a license."  Response to Interrogatory No. 6, [RLO Decl. ¶ 3]; Meet and

10  Confer Follow Up, [RLO Decl. ¶ 4].  Plaintiff's discovery responses say nothing about OCPP

11  being "a *commercial* endeavor and solicit[ing] donations through its website . . . as well as

12  offering for sale merchandise through an online storefront."  Pl. Motion at 14.  Instead, OCPP

13  uses its Twitter feed to keep swim team members apprised of current events and keep them

14  informed.  [Gimbutis Decl. ¶ 4].  Plaintiff cannot establish that the post was used for a

15  commercial purpose.

16       Because Plaintiff has done nothing to rebut OCPP's nonprofit, educational purpose,

17  Plaintiff is not entitled to summary judgment.

18            **b.     Plaintiff's Published Book Is Not Clearly Creative Or Informational.**

19       The second factor of fair use "turns on whether the work is informational or creative."

20  *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir.

21  2000) (citation omitted).  Another court, evaluating this exact same passage, has already

22  concluded that the "WIN Passage" "cannot neatly be characterized as creative or informational."

23  *Moawad*, 326 F. Supp. 3d at 927.

24       In *Bell v. Pacific Ridge Builders*, the defendants did not contest whether the work was a

25  creative work.  No. 4:19-CV-01307-JST, ECF No. 31 at 7 (N.D. Cal. June 4, 2019).  OCPP *does*

26  contest this point here.  The "WIN Passage" and the Book are works of sports psychology that

27  provide strategies for improving performance.  Just ask Plaintiff.  Plaintiff repeatedly notes that

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8924-1360/7/AMERICAS

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    he is a sports psychologist.  Pl. Motion at 2, 14 (the Book resulted from Plaintiff's "many years as

2    a successful swimmer and sports psychologist").  According to Plaintiff himself, the "WIN

3    Passage" is an excerpt from "a sports psychology book by Dr. Keith Bell" that he came up with in

4    graduate school while studying psychology, pain management, performance anxiety and sports.

5    Bell Tr. at 96:25–97:1; 272:9–273:18, [RLO Decl. ¶ 2].  Plaintiff tried the strategies referenced in

6    the WIN Passage on himself and "[t]he stuff was working great like crazy."  *Id*.  Plaintiff's work

7    therefore reflects notions of psychology that work.  According to Plaintiff, the piece conveys

8    utilitarian ideas and information, not merely creative word play.  While the WIN Passage contains

9    numerous rhetorical flourishes, the WIN Passage and the Book are both informational works of

10    *social science*.

11          Plaintiff's work has not changed since *Bell v. Moawad*.  For his part, Plaintiff only claims,

12    in conclusory fashion, that because Mr. Gimbutis found the quote inspiring, the nature of the

13    work "weighs against a finding of fair use."  Pl. Motion at 14.  That assertion is no basis for

14    deviating from the conclusion in *Bell v. Moawad* that this factor weighs in favor of a finding of

15    fair use, much less does it help Plaintiff establish grounds for summary judgment.

16          Ordinarily, courts—including this one in *Bell v. Pacific Ridge Builders*—are less inclined

17    to find fair use as to creative works.  *See Pacific Ridge Builders,* No. 4:19-CV-01307-JST, ECF

18    No. 31, (N.D. Cal. June 4, 2019).  This work, however, is not *clearly* a creative work.  Nor is

19    there any dispute here as to whether the "WIN Passage" is widely available on the Internet,

20    including on Plaintiff's website.  *See, e.g.,* Bell Tr. at 129:24–131:23, [RLO Decl. ¶ 2].  Thus, it is

21    appropriate for this Court to diminish the deference for creative works as "the first appearance of

22    the artist's expression has already occurred" in that it is readily available.  *Moawad*, 326 F. Supp.

23    3d at 927.  Thus, this Court should agree at this stage with the court in *Bell v. Moawad* that,

24    because the "work has appeared on the Internet before [] defendant copie[d] it," the nature of the

25    work factor "weighs slightly in favor of fair use."  *Id.*

26          This factor alone precludes summary judgment for Plaintiff.

27

28

010-8924-1360/7/AMERICAS

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1

**c.      Plaintiff Has Not Shown The Substantiality Of The Portion Used.**

2      For the third factor, the finder of fact should assess whether the "amount and substantiality

3   of the portion used" was reasonable "in relation to the purpose of the copying."  *Campbell v.*

4   *Acuff-Rose Music, Inc.*, 510 U.S. 569, 586 (1994).  It is worth noting here that Plaintiff seeks

5   statutory damages and attorneys' fees that he can only get for a work that was registered before

6   any infringement took place.  Because Plaintiff registered the "WIN Passage" after the alleged

7   infringement, to receive any relief he must show that OCPP infringed the Book—not merely the

8   "WIN Passage."  *Worldwide Church of God*, 227 F.3d at 1118.

9      The "WIN Passage," however, comprises only 24 lines out of Plaintiff's 72-page book.

10   Bell Tr. at 99:8–15, [RLO Decl. ¶ 2].  Thus, OCPP's post constituted a small fraction of

11   Plaintiff's work.  Moreover, the "WIN Passage" is widely available on the Internet.  Perhaps most

12   important here, Plaintiff has not even provided the Court with a copy of the Book itself, so it

13   would be impossible for the Court to make an independent assessment of whether the "WIN

14   Passage" was "substantial" let alone the "heart" of the work as Plaintiff contends.  This would

15   plainly be for the jury to decide.

16

**d.      Plaintiff Cannot Show Market Harm.**

17      The final factor considers "the extent of the market harm caused by the particular actions

18   of the alleged infringer" and "whether unrestricted and widespread conduct of the sort engaged in

19   by the defendant . . . would result in a substantially adverse impact on the potential market for the

20   original."  *Campbell*, 510 U.S. at 590 (internal quotation marks omitted).

21      Plaintiff claims that OCPP "directly usurped a substantial function of Dr. Bell's work in

22   the market."  Pl. Motion at 16.  Yet Plaintiff points to no evidence related to Plaintiff's business

23   or any objective evidence to support these claims.  Instead, Plaintiff testified that he has no

24   evidence that the purported infringement resulted in declining book, poster or t-shirt sales or a

25   reduction in revenue received from his consulting work.  Bell Tr. at 142:10–18, 144:17–146:21,

26   146:23–147:9, 147:10–148:21, 148:22–150:9, [RLO Decl. ¶ 2].

27

28

- 15 -

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST

010-8924-1360/7/AMERICAS

OCPP, on the other hand, can present evidence that Bell suffered no market harm.  After analyzing the record, OCPP's expert, Daniel Werner, concluded that "there is no evidence of harm to Dr. Bell" and that "demand for Dr. Bell's copyrighted material was not influenced by OCPP's conduct in any way, meaning there is no reason to believe that Dr. Bell was economically harmed from the alleged violation."  [RLO Decl. ¶ 5, Ex. D, at ¶ 18].

Plaintiff is not entitled to summary judgment on the issue of fair use.

**C.      Plaintiff Is Not Entitled To Summary Judgment On Laches Or Estoppel.**

Plaintiff concedes that "a plaintiff will be estopped from asserting a copyright claim if he has aided or induced the defendant's infringement" and that laches (only asserted here against Plaintiff's trademark claim) can result from an *unreasonable* delay in filing suit.  Pl. Motion at 10, 17 (internal citations omitted).  Plaintiff points to no evidence refuting either of these defenses but only states OCPP has no evidence to support its defenses.  That is not a sufficient basis for summary judgment on these defenses.

At any rate, the Court can infer that Plaintiff purposefully left some posts online and had a strong financial incentive to delay suing for infringement.  Plaintiff has made hundreds of thousands of dollars suing social media users for infringement.  Discovery Dispute Letter, [RLO Decl. ¶ 6].  Leaving some such posts up for as long as possible is in his financial interests.  In fact, Plaintiff testified that he decided not to seek the take down of other identical Twitter posts because he "didn't want to."  Bell Tr. at 169:17–170:10, [RLO Decl. ¶ 2].  Some of these posts pre-date OCPP's post.  Bell Tr. at 85:14–87:1, [RLO Decl. ¶ 2].  Because of Plaintiff's inaction, the image was readily available online without any indication that the material was copyright or trademark protected.  Further, in this case, Plaintiff does not contest that he waited more than a year to contact OCPP and then waited more than three years to bring suit after discovering the alleged infringement.

These unrebutted facts preclude summary judgment on these defenses.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

**D.      Plaintiff Is Not Entitled To Statutory Damages Or Attorneys' Fees.**

For the "WIN Passage" itself, statutory damages and attorneys' fees are ***unavailable***. Plaintiff only registered the "WIN Passage" copyright in November of 2017, long after the alleged violation at issue here.  Statutory damages and attorneys' fees are unavailable where registration post-dates the alleged infringement.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008); 17 U.S.C. § 412(2).

As to Plaintiff's copyright in the Book, factual issues remain as to whether the "WIN Passage" constitutes the Book's heart.  Similarly, Plaintiff's motion for summary judgment has not established that OCPP's acts were willful.  As such, the Court should not award Plaintiff statutory damages, at this time, in any amount.  Nor can Plaintiff be entitled to his fees.

Nonetheless, Plaintiff claims that he is entitled to attorneys' fees because OCPP's "position is patently unreasonable."  Pl. Motion at 22.  Yet Plaintiff has failed to substantiate his motion for summary judgment, much less show that OCPP's positions are unreasonable.  On the contrary, OCPP contends that OCPP is likely entitled to fees, and it reserves the right to submit a fee application for its fees and costs pursuant to 17 U.S.C. § 505 at the appropriate time.

**EVIDENTIARY OBJECTIONS**

Finally, Plaintiff purports to submit all of his evidence through the declaration of his attorney, Adam Urbanczyk.  "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Mr. Urbanczyk does not even attempt to establish that he has personal knowledge of most of the matters to which he attests in his declaration.  For instance, Mr. Urbanczyk notes that certain documents were produced in this case or found, by him, on the Internet.  That does not mean he knows that their contents are accurate; these materials remain unauthenticated and, as hearsay, they are not admissible for the truth of their contents.  *See, e.g.*, [Exhibits 1, 4, 6, 7, 8, 12, 14, 15, 17, 18, 20, 22, and 23 to AU Decl.].  A similar flaw undermines Mr. Urbanczyk's request for judicial notice of materials contained in the Court's docket: the fact

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

OCPP'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 4:19-CV-01308-JST

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   that an item appears in the Court's docket does not establish that its contents are true, accurate, or

2   admissible.  *See* [Exhibits 10, 16, and 21 to AU Decl.]; Fed. R. Evid. 801(c)(2).

3       Moreover, regrettably, Mr. Urbanczyk mischaracterizes the contents of certain items:

4   - Exhibit 7 purports to be "screenshots of Defendant's website" but, as is apparent from the

5       URL on the exhibit, is demonstrably a screenshot of a different website, Archive.Today,

6       located at http:archive.is/JFaOF.  This document is inadmissible hearsay.  Fed. R. Evid.

7       801(c)(2).  Plaintiff will never be able to substantiate it either.  Bell Tr. at 10:7–12; 31:19–

8       32:9, [RLO Decl. ¶ 2].

9   - Exhibit 8 refers to two screenshots from two separate websites as if they are both OCPP's

10      website.  *See* [AU Decl. at 2(h)].  The second set of screenshots clearly comes from

11      "swimoutlet.com," not the OCPP website.

12      As a result, even if Plaintiff's legal arguments were meritorious—and they are not—Plaintiff

13  has not met his evidentiary burden as to any argument depending on these materials.

## CONCLUSION

15      For the foregoing reasons, OCPP respectfully requests that the Court grant summary

16  judgment in its favor and enter judgment for OCPP as a matter of law.  In addition, OCPP

17  respectfully requests that the Court deny Plaintiff's motion for summary judgment.

18  Dated:  February 19, 2020                          Squire Patton Boggs (US) LLP

20                            By: /s/ *Rafael Langer-Osuna*

21                               Rafael M. Langer-Osuna
                          Attorneys for Defendant

22                            THE OAKLAND COMMUNITY POOLS
                          PROJECT, INC.

23

24

25

26

27

28

010-8924-1360/7/AMERICAS

OCPP'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT 4:19-CV-01308-JST