# EXHIBIT B

DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
DANIELLE MIHALKANIN (SBN 271442)
dmihalkanin@micleangleason.com
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Telephone: (650) 684-1181

JOSHUA G. JONES (*pro hac vice*)
jjones@jgjoneslaw.com
THE LAW OFFICE OF JOSHUA G. JONES
609 Castle Ridge Road, Suite 450
Austin, TX  78746
Telephone: (512) 552-6123

C. ASHLEY CALLAHAN (*pro hac vice pending*)
acallahan@callahanlawoffices.com
LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.
1101 E. Eleventh Street
Austin, TX  78702
Telephone: (512) 817-3977

ADAM E. URBANCZYK (*pro hac vice pending*)
adamu@au-llc.com
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
Tel: (312) 715-7312

Attorneys for Plaintiff
Keith F. Bell, Ph.D.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH F. BELL, PH.D.,<br><br>    Plaintiff,<br><br>v.<br><br>THE OAKLAND COMMUNITY POOLS PROJECT, INC.; and Does 1 to 20,<br><br>    Defendants. | Case No. 3:19-cv-01308 (JST)<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES** |

PROPOUNDING PARTY:  THE OAKLAND COMMUNITY POOLS PROJECT, INC.

RESPONDING PARTY:  PLAINTIFF KEITH F. BELL, PH.D.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State any lawsuit(s) involving the infringed works identified in YOUR COMPLAINT. For the purposes of this interrogatory, lawsuit means any lawsuit other than the instant one in which YOU are or were a plaintiff, defendant, or a witness.

**RESPONSE:** Keith F. Bell v. ISD 196, 0:18-cv-01808 (D. Minn. 2018); Keith F. Bell v. Chicago Cubs Baseball Club, LLC and Joshua Lifrak, 1:19-cv-02386 (ND Ill. 2019); Keith F. Bell v. Crawford ISD and Heidi Elmore, 6:19-cv-00268 (W.D. Tex. 2019); Keith F. Bell v. Glen Rose ISD and Cliff Watkins, 6:19-cv-00269 (W.D. Tex. 2019); Keith F. Bell v. Granite School District, 2:19-cv-00209 (D.Utah 2019); Keith F. Bell v. Hudson Valley Hype Enterprises, LLC, 1:18-cv-9443 (SD NY 2019); Keith F. Bell v. Jarrell ISD, 6:19-cv-267 (WD Tex. 2019); Keith F. Bell v. Llano ISD and Aaron Nuckles, 6:19-cv-265 (W.D. Tex. 2019); Keith F. Bell v. Magna Times, LLC, 2:18-cv-00497 (D. Utah 2018); Keith F. Bell v. MSNBC Cable LLC and Joey Scarborough, 19-cv-03327 (S.D.N.Y. 2019); Keith F. Bell v. Northside ISD and Gary Gutierrez, 6:19-cv-297 (W.D. Tex. 2019); Keith F. Bell v. The Leland Stanford Junior University, 19-cv-01305 (N.D. Cal. 2019); Keith F. Bell v. Caught My Eye Photography and Worthington School District, 2:18-cv-961 (S.D. Ohio 2018); Keith F. Bell v. Lloy Ball and USA Volleyball, 1:18-cv-156 (ND Ind. 2018); Keith F. Bell v. Southwestern University and Kenneth Eboh, 1:18-cv-745 (W.D. Tex. 2018); Keith F. Bell v. Moawad Group LLC, 2:2017-cv-02109 (D. Ariz 2017); Keith F. Bell v. Pflugerville ISD, 6:19-cv-00024 (W.D. Tex. 2019); Keith F. Bell v. Alvin Zeidenfeld, 2:17-cv-04752 (C.D. Cal 2017); Keith F. Bell v. Moon Area School District, 2:18-cv-00399 (W.D. Penn.2018); Keith F. Bell v. Tualatin Hills Swim Club, Inc., 3:17-cv-01821 (D. Oregon 2017); Keith F. Bell v. King's College, 3:17-cv-01725 (M.D. Penn 2017); Keith F. Bell v. Shen, 1:14-cv-00921 (W.D. Tex. 2014); Keith F. Bell v. Tyson, 1:06-cv-692 (W.D. Tex. 2006); Keith F. Bell v. Hinsdale Township High School District 86; 1:14-cv-04441 (N.D. Ill 2014); Keith F. Bell v. Pacific Ridge Builders, 3:19-cv-01308 (N.D. Cal. 2019); Keith F. Bell v. Federal Way Public Schools, 2:19-cv-01620 (W.D. Wash. 2013); Keith F. Bell v. Bartholomew Consolidated School Corporation, 1:19-cv-03308 (S.D. Indiana 2019); Hayden Catholic High School v. Bell, 2:19-cv-02142.

1

PLAINTIFF RESPONSES FIRST ROGS                                     CASE NO. 3:19-CV-01308 (JST)

**INTERROGATORY NO. 2:** State when YOU first learned of Defendant's "textual representation of the WIN Passage on its Twitter page."

**RESPONSE:** January 2016.

**INTERROGATORY NO. 3:** State all facts supporting the allegation in paragraph 25 of YOUR COMPLAINT that Defendant's post remained on Twitter on February 19, 2018.

**RESPONSE:** Pursuant to Rule 33(d), see document production.

**SUPPLEMENTAL RESPONSE:** Pursuant to Rule 33(d), see Bell000597-Bell000599.

**INTERROGATORY NO. 4:** State all facts supporting YOUR allegation in paragraph 29 of YOUR COMPLAINT that USA Swimming warned OCPP about the need to obtain permission before posting copyrighted materials online.

**RESPONSE:** Pursuant to Rule 33(d), see Bell000617-Bell000661.

**INTERROGATORY NO. 5:** Identify each of Defendant's alleged public displays of any work YOU allege it infringed and state all facts supporting the allegation in paragraph 37 of YOUR COMPLAINT that Defendant engaged in willful infringement. For the purposes of this interrogatory, identify means the date and medium that YOU contend the Defendant used to infringe the copyright.

**RESPONSE:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome in that it seeks "all facts." Subject to this objection, Plaintiff answers as follows: Defendant uploaded infringing posts to Defendants Twitter account in willful violation of Twitters Terms of Use and Rules and Twitter's warnings that some users are not truthful and if you post something you got from them, you are still liable. Defendant either falsified the fact defendant read and understood the terms of use and rules or posted the infringing work in reckless disregard to the consequences. Defendant posted Winning Isn't Normal knowing they did not author the work or have authorization to use the work. Defendant did not take it down or put it up again or both (one or more times) after receiving a cease-and-desist letter from Plaintiff. Defendant ignored warnings from USA Swimming by creating infringing

2

posts or failing to remove infringing posts, or both, and left them displayed to the public.

**INTERROGATORY NO. 6:** State all facts that support the allegation in paragraph 38 of YOUR COMPLAINT that Defendants received profits attributable to the alleged infringement.

**RESPONSE:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome in that it seeks "all facts." Subject to this objection, Plaintiff answers as follows: Defendant profited at least by posting Plaintiff's work without a license to do so.

**INTERROGATORY NO. 7:** State all facts that support the allegation in paragraph 43 of YOUR COMPLAINT that some readers are likely to be confused so as to infer that the text shown in the post was originated by the Defendants, including but not limited to any instances of actual confusion.

**RESPONSE:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome in that it seeks "all facts." Subject to this objection, Plaintiff answers as follows: Posting of Plaintiff's registered trademark WINNING ISN'T NORMAL creates a likelihood of confusion that Defendant's posting was sponsored or affiliated with Plaintiff.

**INTERROGATORY NO. 8:** State the basis for the assertion in YOUR COMPLAINT in paragraph 44 that OCPP infringed on the Plaintiff's right to be identified and distinguished from others through use of trademark.

**RESPONSE:** Posting of Plaintiff's registered trademark WINNING ISN'T NORMAL creates a likelihood of confusion that Defendant's posting was sponsored or affiliated with Plaintiff.

**INTERROGATORY NO. 9:** State all facts that support the allegation that Defendant used the alleged mark in commerce.

**RESPONSE:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome in that it seeks "all facts." Subject to this objection, Plaintiff answers as follows: Posting Plaintiff's registered trademark WINNING ISN'T NORMAL publicly on Twitter is commerce

3

PLAINTIFF SUPPLEMENTAL RESPONSES FIRST ROGS                                CASE NO. 3:19-CV-01308 (JST)

which is "commerce which may be lawfully regulated by Congress."  15 U.S.C. § 1127.

**INTERROGATORY NO. 10:**  State all of YOUR marketing expenditures and advertising costs in the past five years.

**RESPONSE:**  Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE:**  Plaintiff objects to this interrogatory as overbroad and unduly burdensome in that it seeks "all facts."  Subject to this objection Plaintiff answers as follows:  Plaintiff does not know what his marketing expenditures and advertising costs have been in the past five years.

**INTERROGATORY NO. 11:**  Identify all products YOU sell under the "winning isn't normal" mark. For the purposes of this interrogatory, identify means to describe the product and the date when YOU first began to sell the product since January 1, 2014.

**RESPONSE:**  Plaintiff sells under the WINNING ISN'T NORMAL mark clothing items such as t-shirts (since approximately 2015), beverage containers such as mugs (since approximately February 2019), posters (since before January 1, 2014), and prior to January 1, 2014 books including Championship Sports Psychology, The Nuts and Bolts of Psychology for Swimmers, Winning Isn't Normal, Target on Gold: Goal Setting for Swimmers and Other Kinds of People, Coaching Excellence, The Parents Guide to the Proper Psychological Care and Feeding of the Competitor Swimmer, What it Takes: The ABCs of Excelling, Dr. Keith Bell's 76 Rules for Outperforming the Competition: Philosophy for Excellence, You Only Feel Wet When You Are Out of the Water: Thoughts on Psychology and Competitive Swimming, and The Swim to Win Playbook.

**INTERROGATORY NO. 12:**  Identify all services YOU sell under the "winning isn't normal" mark. For the purposes of this interrogatory, identify means to describe the services, timeframe when YOU first began to sell the services, and purchasers of the service since January 1, 2014.

**RESPONSE:** Plaintiff sells under the WINNING ISN'T NORMAL mark service including, without limitation, coaching, consulting, conducting seminars, camps, public speaking, producing and conducting events, charity work, volunteering, accompanying groups or individuals to competitions, producing policies and codes of conduct.

**VERIFICATION**

I verify, subject to the penalties for perjury, that the answers to the foregoing interrogatories are true and correct to the best of my knowledge.

/s/Dr. Keith F. Bell_____

Dr. Keith F. Bell

Dated:     November 20, 2019

Respectfully submitted,

/s/Adam E. Urbanczyk_____
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
(*pro hac vice pending*)
*Counsel for Plaintiff Dr. Keith F. Bell.*