1    Squire Patton Boggs (US) LLP
     Joseph A. Meckes (State Bar # 190279)
2    joseph.meckes@squirepb.com
     Rafael M. Langer-Osuna (State Bar # 300948)
3    rafael.langerosuna@squirepb.com
     275 Battery Street, Suite 2600
4    San Francisco, California  94111
     Telephone:      +1 415 954 0200
5    Facsimile:      +1 415 393 9887

6    Attorneys for Defendant
     THE OAKLAND COMMUNITY POOLS
7    PROJECT, INC.

8
                         UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11
     KEITH F. BELL, PH.D.,                    Case No. 4:19-cv-01308-JST
12
                         Plaintiff,           **DECLARATION OF RAFAEL M.**
13                                            **LANGER-OSUNA IN SUPPORT OF**
            v.                                **DEFENDANT THE OAKLAND**
14                                            **COMMUNITY POOLS PROJECT,**
     THE OAKLAND COMMUNITY POOLS              **INC.'S MOTION FOR ATTORNEYS'**
15   PROJECT, INC.; and Does 1 to 20,         **FEES**

16                       Defendants.          Judge:  Hon. Jon S. Tigar

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-9064-3242/1/AMERICAS

**DECLARATION OF RAFAEL M. LANGER-OSUNA**

I, Rafael M. Langer-Osuna, declare:

1.      I am a member of the State Bar of California, licensed to practice before this Court, and am a partner of Squire Patton Boggs (US) LLP ("SPB").  I submit this declaration in support of Defendant The Oakland Community Pools Project, Inc.'s ("OCPP") Motion for Attorneys' Fees, filed concurrently herewith.  I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, I could and would competently testify thereto.

2.      My partner Joseph Meckes asked me to assist with this matter.  Over the course of 2019, Mr. Meckes transferred lead counsel responsibility for this matter to me.  I continued to consult with Mr. Meckes on this matter but have assumed primary responsibility for this matter since approximately August of 2019.  In that time, I have used this matter to train associates and law clerks (summer associates and German interns).  This has had the dual effect of reducing some of the time spent by attorneys who bill at higher rates and has also resulted in occasions where more than one attorney has attended a hearing, a deposition or similar matter.  As noted further below, as the latter practice would not ordinarily occur on a billable matter of this size or, if it did, I would write off, rather than bill, that time, I have already discounted more than these amounts from the fees requested here.  With that caveat, I believe all time expended on this matter, as described below and in the documents attached to this declaration, was both necessary and reasonably dedicated to this matter.

3.      On November 21, 2019, OCPP took Plaintiff's deposition.  Both I and my associate, Melanie Cockrum, deposed Plaintiff.  My partner Joseph Meckes also attended portions of the deposition.  Attached as Exhibit A is a true and correct copy of relevant excerpts of Plaintiff's deposition.

4.      On September 3, 2019, OCPP provided responses to Plaintiff's Request for Production, Interrogatories, and Request for Admission.  None of Plaintiff's discovery requests relate to the archiving of OCPP's website.  Attached as Exhibit B is a true and correct copy of OCPP's responses to Plaintiff's Discovery.  Additionally, Plaintiff did not attempt to take the deposition

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DECLARATION OF RAFAEL M. LANGER-OSUNA 4:19-CV-01308-JST

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  of anyone at OCPP.  Nor did Plaintiff produce the expert report from the case *Bell v. Caught My*

2  *Eye Photography*, 2:18-cv-00961.

3  5.      In total, Plaintiff produced approximately 1257 pages of documents in discovery and

4  OCPP produced approximately 896 pages of documents in discovery.

5  6.      Plaintiff marked both the expert report of Marcus Reading and his deposition from a prior

6  case (*Bell v. Moawad Group, LLC*, 326 F.Supp.3d 918 (D. Ariz. 2018)), as "attorney's eyes

7  only."  When these designations were challenged, he never substantiated the basis for the

8  confidentiality designation.  Attached as Composite Exhibit C are true and correct copies of three

9  email threads in which I request that Plaintiff substantiate his confidentiality designations for the

10  expert report of Marcus Reading and the aforementioned deposition transcript.  As to the latter, I

11  never received any further response from counsel for Plaintiff – neither before nor after the

12  deadline to move to protect the designation passed on October 25, 2019.  Similarly, Plaintiff

13  never sought to mark as confidential any portion of his deposition transcript in this action.

14  7.      During the course of discovery in this action, Plaintiff required OCPP to seek an order

15  requiring Plaintiff's physical appearance at his deposition in the Northern District of California.

16  8.      On November 14, 2019, I sent an email to Plaintiff's counsel regarding not having

17  received Plaintiff's updated interrogatory responses.  Having still not received Plaintiff's updated

18  interrogatory responses, on November 20, 2019, the day before Plaintiff's deposition, I sent a

19  further follow up email to Plaintiff's counsel.  Nearing the end of the day on November 20, 2019,

20  I again sent a follow up email to Plaintiff's counsel, this time stating that receiving Plaintiff's

21  updated interrogatory responses any later could result in delay of the deposition.  I did not receive

22  the updated responses until late on the night before the deposition.  Attached as Exhibit D is a true

23  and correct copy of the email thread between myself and Plaintiff's counsel regarding Plaintiff's

24  updated interrogatory responses.

25  9.      On November 25, 2019, I sent an email to Plaintiff's counsel alerting them to the Rule 11

26  issues in Plaintiff's complaint that were identified and confirmed during Plaintiff's deposition.

27  Attached as Exhibit E is a true and correct copy of the email I sent to Plaintiff's counsel regarding

28  Rule 11.

DECLARATION OF RAFAEL M. LANGER-
OSUNA 4:19-CV-01308-JST

010-9064-3242/1/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

10.     A motion was drafted under Federal Rules of Civil Procedure Rule 11 regarding the false statement in paragraph 25 of Plaintiff's complaint.  This motion was sent to Plaintiff's counsel, but it was not filed with the Court.  I believe the time expended drafting this motion was reasonable and necessary.  Attached as Exhibit F is a true and correct copy of the Rule 11 Motion that was served on Plaintiff's counsel.

11.     Shortly after the Rule 11 motion was sent, a number of Plaintiff's counsel moved to withdraw from the case.  Plaintiff's efforts to substitute new counsel were not compliant with the local rules.  This required additional work on the part of my team.

12.     On January 10, 2020, Plaintiff filed a motion for summary judgment.  After Plaintiff effected a substitution of counsel, OCPP filed its cross motion for summary judgment and opposition on February 19, 2020.

13.     NERA Economic Consulting, Inc. provided *pro bono* expert services for OCPP in this matter.  Attached as Exhibit G is a true and correct copy of a spreadsheet detailing the time NERA spent on this matter and the corresponding billing rates.  SPB spent an appropriate amount of time working with Mr. Daniel Werner to craft a report to rebut the expert report of Marcus Reading.

14.     During the course of SPB's representation on this matter, which has spanned two years, SPB's hourly rates were adjusted to more accurately reflect market rates at similar firms in the San Francisco Bay Area.

15.     From the commencement of the case through the date of the Court's order on the Motions for Summary Judgment, SPB expended 345.67 hours, totaling $170,625.35 in fees.  I believe such expenditures were necessarily incurred.  This case was taken on *pro bono* and invoices were not prepared and sent to the client.  Attached as Exhibit H is a true and correct copy of detailed summary billing by timekeeper generated by SPB's accounting department in the ordinary course of business.  Certain entries that might reveal attorney-client privileged matter or work product have been redacted.  If the Court would like to review unredacted narratives, these can be supplied for *in camera* inspection.

DECLARATION OF RAFAEL M. LANGER-OSUNA 4:19-CV-01308-JST

16.     I have reviewed the time records for accuracy and reasonableness.  My team took advantage of this case to train attorneys, and as a result, some of the time expended would not necessarily have been spent had we been contemporaneously billing a client for this matter.  As a result, SPB is not seeking all fees to which it may be entitled.  Attached for the Court's convenience, as Exhibit I, is a true and correct copy of a spreadsheet representing time entries where more than one attorney attended the same hearing or deposition.  SPB has discounted the fees it seeks to $120,000, reducing its original fee amount by approximately one third.  This discount exceeds the total on Exhibit I.

17.     I sought records relating to *Bell v. Granite School District* using Utah Code Section 63G-2-204.  This provision of Utah law is referred as "GRAMA" and is roughly equivalent to 5 U.S. Code § 552 (commonly referred to as FOIA).  I requested records from Douglas R. Larson, who I understand to be the custodian of the relevant materials.  Attached as Exhibit J is a true and correct copy of my GRAMA request to Mr. Larson, Mr. Larson's cover letter responding to my GRAMA request, and the materials Mr. Larson provided in response to my GRAMA request as they were attached to his cover letter.

### THE WORK PERFORMED BY SPB IS REASONABLE

18.     From its commencement in March 2019, the parties actively litigated and contested the action.  A total of 345.67 hours, totaling $170,625.35 in attorneys' fees, was spent on this case.  All of the following work, all of which I deemed (and still deem) reasonably necessary to properly defend OCPP:

a.  Undertake a voluminous document collection and review;

b.  Review and analyze an unorganized voluminous production of documents by Plaintiff;

c.  Prepare for and conduct Plaintiff's deposition;

d.  Prepare a Rule 11 Motion;

e.  Prepare a motion for summary judgment and defend against Plaintiff's motion for summary judgment.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DECLARATION OF RAFAEL M. LANGER-OSUNA 4:19-CV-01308-JST

19.    My role in this action included its day-to-day management, client communications, communications with opposing counsel, taking Plaintiff's deposition, preparing the Rule 11 motion, and preparing and opposing the summary judgment motions.  Over the course of the action, I devoted 126.07 hours to this action at a total cost of $73,520.85.

20.    Joseph A. Meckes billed approximately 46.50 hours to this action at a total cost of $42,090.00.  Mr. Meckes participated in overall strategy, supervising the preparation of the motion for summary judgment and opposition to Plaintiff's motion for summary judgment, and supervising of day-to-day management.

21.    Melanie P. Cockrum billed approximately 131.90 hours to this action at a total cost of $47,613.00.  Ms. Cockrum was responsible for research related to OCPP's motion for summary judgment, OCPP's opposition to Plaintiff's motion for summary judgment, drafting of those same motions, deposition preparation, and the research and drafting of the Rule 11 motion.

## SPB'S RATES ARE REASONABLE

22.    I am a partner at SPB with a focus on commercial litigation.  I was admitted to practice law in Florida in 2011 and in California in 2014.  The billing rate for my services in this matter was $555 for 2019 and $675 for 2020.  Based on my experience in working with and against other firms in various lawsuits, it has been my experience that the rates charged by SPB attorneys are comparable to the rates for other San Francisco Bay Area attorneys with similar experience and skill sets.  Attached as Exhibit K is a true and correct copy of my law firm biography, which outlines my experience as a lawyer.

23.    Joseph A. Meckes is a partner at SPB who has worked with me on this case.  The billing rate for his services in this matter was $880 for 2019 and $925 for 2020.  Based on my experience in working with and against other firms in various lawsuits, this rate is consistent with the rates charged by other San Francisco Bay Area attorneys with similar experience and skill sets.

24.    Melanie P. Cockrum is a litigation associate at SPB who has worked with me on this case.  The billing rate for her services in this matter was $350 for 2019 and $370 for 2020.  Based on my experience in working with and against other firms in various lawsuits, this rate is consistent

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DECLARATION OF RAFAEL M. LANGER-OSUNA 4:19-CV-01308-JST

010-9064-3242/1/AMERICAS

1  with the rates charged by other San Francisco Bay Area attorneys with similar experience and

2  skill sets.

3  25.      John B. Belfiore was a litigation paralegal at SPB for over 15 years.  During the relevant

4  period, his billing rate was $375.  Based on my experience in working with and against other

5  firms in various lawsuits, this rate is consistent with the rates charged by other San Francisco Bay

6  Area paralegals with similar experience and skill sets.

7  26.      Andrew Laing is a litigation support analyst at SPB.  It is my experience that using his

8  expertise on matters helps to reduce the amount of time spent by other timekeepers and, thus, his

9  rate is justified and reasonable.

10  27.      Katherine A. Sharpless was a summer associate at SPB.  Fees related to her time have not

11  been included in the total fees requested.

12  28.      No fees were recorded by the German interns who assisted with this matter.  SPB is not

13  attempting to account for their time which, on balance, reduced the amount of time that had to be

14  spent by attorneys who bill for their time.

15  29.      Based on my knowledge of hourly rates charged by comparably sized firms in the San

16  Francisco Bay Area, the hourly rates of all SPB attorneys and paralegals who worked on this case

17  are those normally charged by the firm and are within the rates of comparable firms in the San

18  Francisco Bay Area.

19                                  **MEET AND CONFER REQUIREMENT**

20  30.      As required by Local Rule 54-5(b), and in an effort to avoid the necessity of filing this

21  motion, Plaintiff's counsel and I met and conferred telephonically on May 11, 2020.  I requested

22  Plaintiff's counsel get back to me on Plaintiff's position on the matter by May 13, 2020.  On May

23  13, 2020, Plaintiff's counsel rejected my offer for a compromise.  I further responded later that

24  week in an effort to continue negotiations.  Plaintiff's counsel never responded to my follow up.

25  Ultimately, no resolution was reached.  Attached as Exhibit L is a true and correct copy of the

26  email thread between myself and Plaintiff's counsel.

27  ////

28  ////

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DECLARATION OF RAFAEL M. LANGER-
OSUNA 4:19-CV-01308-JST

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.  Executed on this 18th day of May 2020.

3

4                                                    */s/Rafael Langer-Osuna*
                                                     Rafael M. Langer-Osuna

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

DECLARATION OF RAFAEL M. LANGER-
OSUNA 4:19-CV-01308-JST

010-9064-3242/1/AMERICAS